**[J-57A-2017, J-57B-2017 and J-57C-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 10 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on June 6, 2016 at 3014 |
| | : | EDA 2014 (reargument denied August |
| v. | : | 2, 2016) affirming the October 9, 2014 |
| | : | Order of the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| JAWAYNE K. BROWN, | : | at Nos. CP-51-CR-0102174-2005 and |
| | : | CP-51-CR-0609071-2006. |
| Appellee | : | |
| | : | ARGUED: September 12, 2017 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 11 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on June 6, 2016 at 3046 |
| | : | EDA 2014 (reargument denied August |
| v. | : | 2, 2016) affirming the October 9, 2014 |
| | : | Order of the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| RICHARD BROWN, | : | at No. CP-51-CR-0102173-2005. |
| | : | |
| Appellee | : | ARGUED: September 12, 2017 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 12 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on June 6, 2016 at 3054 |
| | : | EDA 2014 (reargument denied August |
| v. | : | 2, 2016) affirming the October 9, 2014 |
| | : | Order of the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| AQUIL BOND, | : | at No. CP-51-CR-0102171-2005. |
| | : | |
| Appellee | : | ARGUED: September 12, 2017 |

**<u>CONCURRING STATEMENT</u>**

**JUSTICE DOUGHERTY**                    **DECIDED: February 21, 2018**

I agree with the decision to dismiss the Commonwealth's appeal as improvidently granted. As today's order leaves standing the Superior Court's ruling which dismissed serious homicide and related charges, I find it prudent to explain my reasons for joining the *per curiam* order.

The Commonwealth presented the following two issues in its petition for allowance of appeal to this Court:

> 1. Should a [*Commonwealth v. Smith*, 615 A.2d 321 (Pa. 1992)] claim[1] require a factual finding, by the original trial judge or based on further testimony, that the prosecutor not only engaged in egregious misconduct but did so with the intent to deny a fair trial?
>
> 2. Did the Superior Court err in overruling the trial judge and holding that the prosecutor's actions were misconduct requiring a new trial?

We denied review of the Commonwealth's second question but granted review of the first question, revising it as follows:

> Should a claim barring retrial on the basis of double jeopardy pursuant to [*Smith*], require factual findings made by the original trial judge, or a hearing based on further testimony, regarding the intent of the prosecutor?

*Commonwealth v. Brown*, 167 A.3d 703 (Pa. 2017). The Commonwealth's subsequently filed brief contains four sub-issues, two of which were not implicated in the question accepted for review.[2]

The Commonwealth's remaining two sub-issues were explicitly implicated in the question accepted for review, but the issues were not preserved in the lower courts and

---

[1] The *Smith* Court held double jeopardy protections prohibit a retrial when prosecutorial misconduct was intended to provoke a mistrial motion or deny the defendant a fair trial. 615 A.2d at 325.

[2] The following arguments advanced by the Commonwealth were not implicated in the question accepted for review and are not properly before this Court: (1) *Smith* requires egregious prosecutorial misconduct; and (2) Judge Lerner improperly relied on the findings of the Superior Court.

are therefore waived. Specifically, the Commonwealth waived the issue of whether Judge Lerner should have transferred the motions to dismiss to Judge Woods-Skipper by failing to object to Judge Lerner's ruling on the motions and failing to request the motions be reassigned to Judge Woods-Skipper. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Smith*, 131 A.3d 467, 474 (Pa. 2015) (failure to object in lower court results in waiver). In response to Judge Lerner's hearing the motions, the prosecutor simply observed, "sometimes these cases are then transferred back to the original trial judge, who is still here on the bench. We leave that up to this [c]ourt." N.T. 8/13/2014 at 10. In my view, this passing comment cannot be construed as an objection.

The Commonwealth's contention on appeal that an evidentiary hearing is necessary for motions to dismiss based on a *Smith* claim was also waived as the Commonwealth failed to raise it in Superior Court. *See* Pa.R.A.P. 302(a); *Commonwealth v. Shabezz*, 166 A.3d 278, 288 n.6 (Pa. 2017) (claims not raised before the Superior Court are waived before this Court). On appeal to the Superior Court, the Commonwealth argued only as follows: (1) egregious prosecutorial misconduct is a requirement under *Smith*; (2) Judge Lerner erroneously concluded he was bound by the findings of the Superior Court; (3) Judge Lerner erred by failing to transfer the motions to dismiss to Judge Woods-Skipper; and (4) the Superior Court should reconsider its previous finding the trial prosecutor committed misconduct. Accordingly, although this appeal appeared to present significant questions, I am compelled to concur in the decision to dismiss it as improvidently granted.